**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1571-17T3

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

CARLOS R. MARROQUIN, a/k/a
MARROQUIN, CARLOS RENE
MARROQUIN BARRERA, and
CARLOS RENE,

    Defendant-Appellant.

_____

Submitted October 17, 2018 - Decided October 30, 2018

Before Judges Accurso and Vernoia.

On appeal from Superior Court of New Jersey, Law Division, Bergen County, Indictment No. 13-01-0016.

Joseph E. Krakora, Public Defender, attorney for appellant (Anthony J. Vecchio, Designated Counsel, on the brief).

Gurbir S. Grewal, Attorney General, attorney for respondent (Sara M. Quigley, Deputy Attorney General, of counsel and on the brief).

PER CURIAM

Defendant Carlos R. Marroquin appeals from the denial of his petition for post-conviction relief (PCR), contending he established a prima facie case of ineffective assistance of counsel requiring an evidentiary hearing. Because Judge Guida was correct in determining the evidence insufficient to sustain defendant's burden, we affirm.

Following weeks of State Police surveillance, defendant was arrested with three other men in a warehouse in Metuchen where police found forty kilograms of cocaine and over a million dollars secreted in hidden compartments in two cars and a bobtail tractor. All three of defendant's confederates testified against him. They claimed defendant was in charge of the shipping operation, which moved quantities of cocaine across the country from California to New Jersey. The jury convicted defendant of first-degree conspiracy to commit money laundering, second-degree conspiracy to distribute cocaine, first-degree possession of cocaine with intent to distribute, third-degree possession of cocaine, and first-degree money laundering, and the judge sentenced him to an aggregate thirty-two years in State prison, sixteen years without parole. State v. Marroquin, No. A-2887-14 (App. Div. Oct. 26, 2016) (slip op. at 1).

A-1571-17T3

We affirmed defendant's conviction and sentence on direct appeal, rejecting, among other points, his arguments that he was harmed by a State Police detective's testimony that exceeded the bounds of lay opinion and the expert testimony offered by a special agent of the United States Drug Enforcement Administration about the purported path of the cocaine across international borders, as well as the lack of a proper stipulation about the quantity of the drugs involved, none of which had been argued to the trial court. Marroquin, slip op. at 2-3, 16-20. Defendant filed a petition for PCR, alleging his counsel was ineffective for failing to object to the State Police detective's testimony and that of the DEA agent, for failing to effectively cross-examine his confederates, and for failing to object to the admission of the lab report confirming the substance discovered in defendant's possession was indeed forty kilograms of cocaine and to challenge the verdict sheet.

Judge Guida denied the petition in a comprehensive opinion from the bench, addressing each of defendant's claims in considerable detail. Although deeming defendant's claims of ineffective assistance relating to the testimony of the State Police detective and the DEA agent, as well as the quantity of drugs listed in the lab report, as procedurally barred by R. 3:22-5 because we considered them on direct appeal, Judge Guida nevertheless analyzed, and

3

rejected, each one under the Strickland[1] two-prong standard. Particularly as it relates to trial counsel's failure to have objected to the admission of the lab report, Judge Guida noted defendant's failure to offer any evidence that the lab report was "in any way deficient," that "the laboratory analysis was not performed in accordance with acceptable standards" or that had counsel insisted on the testimony of the lab technicians, the evidence of defendant's possession of forty kilograms of cocaine would have been different.

Defendant appeals, raising the following issues:

POINT I.

THE PCR COURT ERRED IN NOT GRANTING DEFENDANT AN EVIDENTIARY HEARING WHERE DEFENDANT RECEIVED INEFFECTIVE ASSISTANCE OF COUNSEL DURING HIS TRIAL.

A. Trial Counsel was ineffective for not objecting to Detective Flora's unqualified expert testimony.

B. Trial Counsel was ineffective for inviting the prejudicial testimony of Agent Ryan.

C. Trial Counsel was ineffective for not challenging the laboratory report.

---

[1] Strickland v. Washington, 466 U.S. 668, 687-88 (1984).

POINT II.

DEFENDANT'S ARGUMENTS ARE NOT BARRED
BY RULE 3:22-4.

POINT III.

DEFENDANT'S ARGUMENTS ARE NOT BARRED
BY RULE 3:22-5.

POINT IV.

THE CUMULATIVE ERRORS OF TRIAL COUNSEL
WARRANT REVERSAL OF DEFENDANT'S
CONVICTIONS.

Our review of the record convinces us that none of those arguments is of sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(2). The issues defendant raises on appeal regarding the testimony of the State's witnesses were addressed at length in our opinion on defendant's direct appeal of his conviction and found unavailing. As to defendant's claim regarding his counsel's failure to object to the admission of the lab report, we agree with the trial court that defendant offered nothing to suggest how such an objection might have altered the outcome. Accordingly, we agree no evidentiary hearing was required as defendant failed to establish a prima facie case of ineffective assistance of counsel as to any issue he raised. See State v. Preciose, 129 N.J. 451, 462-64 (1992).

Judge Guida carefully considered each of defendant's claims. We agree with his finding that defendant failed to demonstrate the performance of his trial counsel was substandard or that, but for any alleged errors, the result would have been different. See Strickland, 466 U.S. at 687-88. Accordingly, we affirm the denial of defendant's petition substantially for the reasons set forth in Judge Guida's oral opinion of October 27, 2017.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION